**John David GANN, Petitioner— Appellant,**

v.

**Robert L. AYERS; et al., Respondents— Appellees.**

No. 03–17403.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 15, 2004.

Before: REINHARDT, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

California state prisoner John David Gann appeals the district court's denial of his habeas corpus petition challenging his conviction for possession of a sharp instrument by a prisoner. Gann contends that he was denied due process and his Sixth Amendment right to counsel when the court denied his motion for a continuance and then denied his request to withdraw his *Faretta* waiver and have counsel appointed. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** Because the parties are acquainted with the

The question whether a continuance should be granted is "traditionally within the discretion of the trial judge." *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). A denial of a request for more time does not necessarily violate due process "even if the party fails to offer evidence or is compelled to defend without counsel." *Id.* In determining whether a trial court was unreasonable in denying a motion to continue we balance four factors: the appellant's diligence in preparing his case; the likelihood that the continuance would serve a useful purpose; whether the continuance would inconvenience the parties, the court, or other witnesses; and whether the appellant was prejudiced by the district court's refusal to grant the request for a continuance. *United States v. Mejia,* 69 F.3d 309, 314 (9th Cir.1995); *see also United States v. Flynt,* 756 F.2d 1352, 1359 (9th Cir.1985). We may not reverse unless the appellant can show that he suffered actual and substantial prejudice. *Martel v. County of Los Angeles,* 56 F.3d 993, 995 (9th Cir.1995) (en banc).

We have serious concerns that the trial judge abused his discretion in denying the continuance. Any difficulty Gann experienced in preparing his case seems not to have been caused by a lack of diligence, but instead by the Christmas holidays, prison regulations, and the prosecutor's late furnishing of inculpatory evidence. It appears that a delay would not have been a major inconvenience to the scheduled witnesses, most of whom were inmates.

However, Gann has not shown prejudice. He was able to interview the potential inmate witnesses and to have those he wished to present brought to court during trial. Although he did not have the opportunity to hire an expert to examine the late-provided evidence, he has not shown that doing so would have been helpful to

his defense. We thus cannot say that the court's decision to deny Gann's request was contrary to clearly established Supreme Court law or an objectively unreasonable application of law to facts. *See* 28 U.S.C. § 2254(d).

Similarly, the trial court's refusal to permit Gann to rescind his *Faretta* waiver was not an objectively unreasonable application of clearly established Supreme Court law. It is apparent from the record that Gann sought counsel for purposes of delay, so that he could further prepare his defense despite the denial of his two requests for continuances. In such circumstances, there is no constitutional right to withdraw a *Faretta* waiver. *See Menefield v. Borg,* 881 F.2d 696, 700 (9th Cir.1989).

**AFFIRMED.**

facts and procedural history of this case, we provide only an abbreviated summary here.